OPINION of the Court, by
Judge Bibb.
The objection to the report of survey, for want of notice, was jj answered by shewing that the defendant had removed beyond the limits of the commonwealth. The plaintiff was not bound to regard the information given to him, that Shannon was the landlord. Shannon should have made himself a defendant to the suit, instead of Bowling, if he was interested as landlord : he was un- *89 rJer a greater obligation to take notice of and respect the judicial proceedings in court, than the plaintiff was to take notice, of the private relation of landlord and tenant. Bowline: had,pleaded, Shannon was no party to the suit, and the objection that he had not notice, whether it came from the defendant or from Shannon, was properly disregarded. The attorney at law, by virtue of his employment, is not bound to attend to the making of a survey; it has never been considered in this country that an attorney at law was the representative of his client, except as to those things which were to be transacted in the office and in court, not as to those things which were tobe done inputs. If the attorney at law for the defendant had been invested with larger powers, and had agreed to extend his agency beyond his office as attorney at law, the plaintiff ought to have been noti-£ed of it, before the defendant could claim a notification to such attorney at law, of the time of executing the order of survey, as an imperative obligation on the plain-v i ⅜ i w i tiff. The record exhibits no such investment of power, and it is clear the bare removal of the defendant could not confer it, nor increase the duties of a plaintiff cowards a defendant who had been served with process. Lastly, we are called upon to say whether in a question of boundary, the surveyor who executed the origi- , i-ii • • ° nal survey, upon which the question arises, must ueces-sarily be produced, as being the best evidence, if it appears he is alive. •
Pri.vate mfor-was iandiord> did not require the plaintiff to ¡ng party t0 the fuit.
¡ An attorney at p^TfcntTthe di" ent in bufinefs trankcted in j,;m ’0{ execu. ting survey not amoved,
Evidence of th,e surveyor who executed the original fur-vey, no better ane”* therpersonwho had equal opP0,tumty of information,
survej aswell identified by of objects found with those named in certifi-tive oath of the surveyor,
p0lnt* Octofor 1809.
If.,a .,surv.e/ itseH by a reasonable corres» °ne veyor who fhuuid attempt ¡¿ffication^ "depend for credibility on the probability and firength of his detail.
*89 The surveyor is required by law to mark the boundaries of a survey, by reference to natural or artificial objects, and to return a certificate of such survey : when he has done so, his certificate is recorded, as an evidence of his official act. His duty as an officer, to testify as to the boundaries of a survey, then ceases ; and his parol testimony respecting a survey, sinks to the level of every other witness who has had an equal oppor-tunitv of knowing or finding out the boundaries which are certified of record. The testimony of the surveyor would not be conclusive of the fact to which he should depose, and it might Or might not be the most persuasive evidence. The identity of a survey would be as well proved by the correspondence of corner trees, courses and natural objects referred to in the certificate of survey, as by the positive oath of a surveyor that he had *90 marked those boundaries for that particular survey» And if the certificate of survey would identify itself on the ground, by a reasonable correspondence, at one place, the surveyor who should attempt to destroy that identification by his oath, must depend for credibility on the strength and probability of his relation, and the reasons which he should give. As the officer who had transacted the business, he would be competent for either party, but not the sole and only competent witness to the transaction. The testimony of the surveyor, as to the place where he made the survey originally, is but parol, and of no higher dignity or character in the scale of evidence than any other parol testimony, tending to prove or disprove the same facts. The objection, therefore, that in the absence of the surveyor, other parol testimony ought not to be admitted, was rightly Overruled by the court. The surveyor was as accessible to the defendant as to the plaintiff, and he who wanted the benefit of his testimony ought to have produced him ; his absence Was no legal preclusion of other evidence conducing to the same point.
Surveyor is a competent wit ness for either party.
His evidence of no higher dignity, than any other parol evidence.
Upon the whole, it does riot appear that there is any error in the record of the proceedings, as complained of by the plaintiff in error.-Judgment affirmed.